# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CASE NO. 1:07-cv-01714-AWI-GBC (PC)

EMELITO EXMUNDO

                Plaintiff,

    v.

VELLA, et. al.,

                Defendants.

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE

(Doc. 26)

RESPONSE DUE WITHIN THIRTY DAYS

## I.    Procedural History

Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 21, 2007, Defendants removed the case to federal court. (Doc. 1).  On September 8, 2008, the Court screened the complaint and gave Plaintiff the choice to amend the case or to proceed with cognizable claims. (Doc. 13).  On December 15, 2008, Plaintiff filed the first amended complaint.  (Doc. 20).   On March 31, 2009, the action was consolidated with Case No. 1:06-cv-00205 by District Court order. (Doc. 21). On October 15, 2010, the action was reopened as a separate action. (Doc. 22).  Plaintiff was granted leave to amend and on January 14, 2011, Plaintiff filed the second amended complaint which is presently before this Court. (Doc. 26).

///

1

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III.   Plaintiff's Second Amended Complaint

Plaintiff is a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga California. The acts he complains of occurred at California State Prison, Corcoran ("CSPC") in Corcoran California.  In the second amended complaint, Plaintiff names as defendants in this action: 1) J. A. Tilton, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); 2) Facility Captain R. Vella; 3) Sergeant R. Vogel; and 4) Counselor M. Rosenquist.  (Doc. 26 at 3). Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. (Doc. 26 at 3, 9).  In particular, Plaintiff seeks to: 1) stop all acts to cover up the extent of any injuries, provide a "Chrono" to protect Plaintiff from further injuries and to provide for medication; 2) that Defendants Vogel, Vella and Rosenquist not be allowed to work where Plaintiff is housed

and not to be allowed to work in a position that can affect the "programs, services, activities, safety and security of Plaintiff"; and 3) to expunge all the "false and retaliatory rules violation report[s], 1280 UCC Chrono and ICC Chrono and any documents surreptitiously filed by Defendants in [his] C-file." (Doc 26 at 8-9).

Plaintiff states that he filed a claim with the Board of Control for Personal Injuries under the California Tort Claims Act under § 810 et seq. of California's Government Code and  § 1714 and § 527.6 under California's Civil Code seeking relief for emotional distress, pain and punitive damages. (Doc. 26 at 8). Plaintiff states that he seeks a claim against Defendant J. Tilton in his official capacity for being deliberately indifferent to Plaintiff's serious medical need since Pleasant Valley State Prison stopped providing ongoing follow-up medical care to address Plaintiff's chronic pain that resulted from being injured at CSPC on May 6, 2006 by Defendant Vogel. (Doc. 26 at 8).

Plaintiff alleges that on May 6, 2006, Defendants Vogel, Vella and Rosenquist conspired to use excessive force against Plaintiff and Defendant Vogel used excessive force on Plaintiff in retaliation for filing staff misconduct complaints against Defendants Vogel, Vella and Rosenquist. (Doc. 26 at 4). Plaintiff further alleges that Defendants Vogel, Vella and Rosenquist conspired to place Plaintiff in administrative segregation in retaliation. (Doc. 26 at 4). Plaintiff alleges that Defendant Vella masterminded the excessive force plot to occur on a day when Defendant Vella and Rosenquist were not working so as to conceal their participation in the conspiracy. (Doc. 26 at 4).

On May 5, 2006, Defendants Vella, Vogel and Rosenquist conspired to place Plaintiff in administrative segregation under the pretext that Plaintiff was a security risk. (Doc. 26 at 7). On May 6, 2006, Plaintiff was startled awake when Defendant Vogel suddenly entered the cell and yanked Plaintiff's arms such that Plaintiff felt pain and could hear his shoulder "pop." (Doc. 26 at 7). As a result of being startled, Plaintiff hit his head very hard under the bottom of the top bunk and was dizzy and in severe pain. (Doc. 26 at 7). Then Defendant Vogel grabbed the back of Plaintiff's neck and slammed his face into the cement wall with such force that it broke Plaintiff's nose and hurt his forehead. (Doc. 26 at 7). The impact from beating Plaintiff's head against the cement wall loosened Plaintiff's teeth and Plaintiff suffered reoccurring tooth aches and rapid decay of his teeth. (Doc. 26 at 7). Eventually, the dentist informed Plaintiff that the teeth where dead as a result of blunt

1  force trauma and the dentist removed two teeth.  (Doc. 26 at 7).

2      Then Defendant Vogel and Correctional Officer Halsey handcuffed Plaintiff and walked

3  Plaintiff over to the program office while Plaintiff was barefoot.  (Doc. 26 at 7).  Some time later,

4  Lieutenant Gadsden told Plaintiff that Defendant Vella ordered him to prepare the paperwork to

5  place Plaintiff in administrative segregation.  (Doc. 26 at 7).  Then Defendant Vogel approached

6  Plaintiff and told him that he was "only following the captain's orders."  (Doc. 26 at 8).

7      In an attempt to develop his conspiracy to retaliate theory, Plaintiff painstakingly chronicles

8  a time-line of unrelated prison grievances filed and lists the conduct relating to the grievances.  The

9  Court will attempt to summarize Plaintiff's narration of the underlying history of events that are not

10  directly the basis of his current action.[1]  In his complaint, Plaintiff states that he had filed an

11  excessive force grievance in matter unrelated to this action and Sergeant Drevy falsely indicated that

12  Plaintiff withdrew his grievance and Defendant Vella signed the form although he knew it was false

13  because Plaintiff did not sign the withdrawal.  (Doc. 26 at 5).  Plaintiff complained about Defendant

14  Vella's signing a false withdrawal of a grievance and Vella filing numerous false and retaliatory

15  rules and violation reports against Plaintiff to retaliate against Plaintiff for filing grievances.  (Doc.

16  26 at 5).

17      On April 11, 2006, Defendant Rosenquist called Plaintiff into her office to inform Plaintiff

18  that Defendant Vella ordered her to recommend that Plaintiff should be placed in administrative

19  segregation.  On April 15, 2006, Plaintiff was interviewed by an unnamed individual regarding

20  Plaintiff's staff misconduct complaint against Correctional Officer Castro.  (Doc. 26 at 5).  Plaintiff

21  alleges that Defendant Vella told the interviewer to tell Plaintiff to withdraw the grievance and

22  Plaintiff refused to withdraw the grievance.  (Doc. 26 at 5-6).

23      On April 13, 2006, Defendant Vella was a member of a disciplinary committee and in that

24  capacity, ordered punishment, refused Plaintiff's conflict of interest defense, did not allow Plaintiff

25  the opportunity to assert a first amendment violation and did not allow Plaintiff to call witnesses or

26  present evidence in his defense.  (Doc. 26 at 6).  On April 17, 2006, Plaintiff filed a staff misconduct

27

28      [1] The Court will not summarize the facts relating to being searched in the kitchen since it appears to be more along the lines of a laundry list of conduct that does not appear to be actionable.

4

1  complaint against Defendant Vogel for  attempting to intimidate and coerce Plaintiff to withdraw

2  his grievance. (Doc. 26 at 6).  On April 25, 2006, Plaintiff filed a grievance against Defendant Vella

3  and Rosenquist for filing a false classification Chrono and Defendant Vogel filed a false document

4  in retaliation for Plaintiff's grievance against Correctional Officer Castro.  (Doc. 26 at 6).  On May

5  3, 2006, Plaintiff filed s staff misconduct complaint against Defendants Vogel and Vella for

6  conspiring to retaliate as a result of Plaintiff's refusal to withdraw his complaint against Correctional

7  Officer Castro.  (Doc. 26 at 6).

8  **IV.   Plaintiff's Claims**

9      **A.  Eighth Amendment Excessive Force**

10      The Eighth Amendment prohibits prison officials from using "excessive physical force

11  against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246,

12  1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from

13  physical abuse").  "Being violently assaulted in prison is simply not 'part of the penalty that criminal

14  offenders pay for their offenses against society.'"  *Farmer*, 511 U.S. at 834, (*quoting Rhodes*, 452

15  U.S. at 347).

16      Although the Eighth Amendment protects against cruel and unusual punishment, this does

17  not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer

18  *de minimis* injuries.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (Eighth Amendment excludes

19  from constitutional recognition *de minimis* uses of force).  The malicious and sadistic use of force

20  to cause harm always violates contemporary standards of decency, regardless of whether significant

21  injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth

22  Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

23  "Injury and force . . .  are only imperfectly correlated, and it is the latter that ultimately counts.  An

24  inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force

25  claim merely because he has the good fortune to escape without serious injury."  *Wilkins v. Gaddy*,

26  130 S.Ct. 1175, 1178-79 (2010).  However, not "every malevolent touch by a prison guard gives rise

27  to a federal cause of action."  *Hudson* at 9.  "The Eighth Amendment's prohibition of cruel and

28  unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of

physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

### 1. Defendant Vogel

Plaintiff claims that Defendant Vogel beat Plaintiff without provocation on May 6, 2006, in violation of Plaintiff's rights under the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are: 1) the need for the application of force; 2) the relationship between the need and the amount of force that was used; and 3) the extent of the injury inflicted. *Whitley*, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. *Id.*

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." *Id.* at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-322 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

Plaintiff allegations demonstrate that Defendant Vogel used a degree of force that far surpassed the amount of force necessary to maintain or restore discipline. Therefore, Plaintiff has stated a claim against Defendant Vogel for excessive force used on May 6, 2006.

### 2. Defendants Vella and Rosenquist

Plaintiff claims that Defendants Vella and Rosenquist conspired with Defendant Vogel to have Vogel beat Plaintiff on May 6, 2006. Plaintiff lists unrelated incidents and grievances to support his theory that Defendants Vella and Rosenquist have motive and desire to retaliate against Plaintiff and somehow had conspired with Vogel to beat Plaintiff. Plaintiff's list of seemingly unrelated events do not give inference to a conspiracy claim and Plaintiff's claim appears to be based

on mere speculation.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 1550 U.S. 544, 555 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal quotations and citations omitted). "Vague and conclusory allegations of official participation in civil rights violations" are insufficient to state claims against parties that seemingly do not have any connection to the acts that give rise to a section 1983 claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff's allegations are not sufficient to demonstrate a conspiracy amongst Defendants Rosenquist, Vogel and Vella to have Vogel beat Plaintiff in retaliation for filing grievances against the Defendants. *See e.g.*, *Bell Atlantic Corp. v. Twombly*, 1550 U.S. 544, 555 (2007). Moreover, conspiracy is not an independent basis of liability under section 1983, but rather a method to connect certain defendants to an unconstitutional violation that defendants would not have otherwise been connected. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (finding that there has to be an underlying unconstitutional claim).

The only fact that Plaintiff alleges to connect Defendant Rosenquist to the alleged conspiracy

7

is that on April 11, 2006, Defendant Rosenquist informed Plaintiff that Defendant Vella ordered her to recommend that Plaintiff should be placed in administrative segregation. (Doc. 25 at 5). That alone is insufficient to connect Defendant Rosenquist to a conspiracy to have Defendant Vogel beat Plaintiff. Therefore, Plaintiff fails to state a claim against Defendant Rosenquist for violating Plaintiff's Eighth Amendment Rights.

With regards to Defendant Vella, Plaintiff's conclusory allegations are insufficient to demonstrate that Defendant Vella was a part of a conspiracy with Defendants Rosenquist and Vogel to have Vogel beat Plaintiff on May 6, 2006. However, Plaintiff states that after he was beaten by Defendant Vogel, Vogel returned and explained that he was "only following the captain's orders." (Doc. 26 at 8). It uncertain whether Plaintiff is trying to allege that Defendant Vogel beat Plaintiff on May 5, 2006, because Vella, who was a captain at the time of the beating, ordered Vogel to beat Plaintiff.

There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Further, Plaintiff should clarify which defendant(s) he feels are responsible for any violation(s) of his constitutional rights, as his complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

To state a claim for relief under section 1983 against supervisory defendants, a plaintiff must allege some facts that would demonstrate that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of

the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As it is, Plaintiff fails to state a claim against Defendant Vella for excessive force.

## B.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1. Defendant Vogel

Plaintiff alleges that Defendant Vogel beat Plaintiff on May 6, 2006, in retaliation for various grievances that Plaintiff has filed against Defendant Vogel and other fellow officers. Plaintiff's allegations are sufficient to state a claim under section 1983 against Defendant Vogel.

### 2. Defendant Rosenquist

Plaintiff alleges that on April 11, 2006, Defendant Rosenquist informed Plaintiff that Defendant Vella ordered her to recommend that Plaintiff should be placed in administrative segregation. (Doc. 25 at 5). Plaintiff fails to demonstrate how Defendant Rosenquist recommended that Plaintiff be paced in administrative segregation *because of* Plaintiff's protected conduct to file grievances and thus fails to state a claim against Defendant Rosenquist.

### 3. Defendant Vella

As discussed above, it uncertain whether Plaintiff is trying to allege that Defendant Vogel beat Plaintiff on May 5, 2006, because Vella, who was a captain at the time of the beating, ordered Vogel to beat Plaintiff.  Even if that were the case, Plaintiff still has failed to allege facts sufficient to demonstrate that Vella retaliated against Plaintiff because of Plaintiff's protected conduct. Plaintiff fails to state a retaliation claim against Defendant Vella.

### 4.  Defendant J. A. Tilton, Secretary of the CDCR

Plaintiff names J. A. Tilton, Secretary of the CDCR as a supervisory defendant.  Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   A supervisor's 'knowledge and acquiescence in their subordinates'' misconduct alone is not enough to demonstrate that the supervisor engaged in misconduct that would rise to the level of a constitutional violation.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleadings must demonstrate that there is a causal link between each supervisory defendant and the claimed constitutional violation specifically alleged.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993)

Plaintiff has not alleged any facts indicating that Defendant Tilton personally participated in the alleged deprivation of constitutional rights and thus fails to state a claim against Defendant Tilton for any constitutional violation.

///
///

1  **V.     CONCLUSION AND ORDER**

2          Plaintiff states cognizable Eighth Amendment and retaliation claims against Defendant Vogel

3  for conduct occurring on May 6, 2006.  However, Plaintiff's second amended complaint does not

4  state any other cognizable claims against any other defendant.  The Court will provide Plaintiff with

5  the opportunity to file an amended complaint in order to cure the deficiencies identified by the Court

6  in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7

8          Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

9  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

10 complaints).  If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

11 only against Defendant Vogel for excessive force and retaliation, Plaintiff may so notify the Court.

12 Upon receipt of such notice, the Court will direct Defendant Vogel to file a response to Plaintiff's

13 complaint, and will recommend dismissal of the other claims and defendants.  If Plaintiff opts to

14 amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named

15 defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Hydrick*

16 *v. Hunter*, 500 F.3d 978, 987-88.

17

18          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

19 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

20 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

21 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

22 complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing

23 to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at

24 1474.

25

26

27

28

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.       Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.       File an amended complaint curing the deficiencies identified by the Court

             in this order, or

    b.       Notify the Court in writing that he does not wish to file an amended

             complaint and is agreeable to proceeding only against Defendant Vogel for

             excessive force and retaliation; and

3.       If Plaintiff fails to comply with this order, this action will be dismissed for failure

         to obey a court order.

IT IS SO ORDERED.


Dated:   May 2, 2011                          _____

                                              UNITED STATES MAGISTRATE JUDGE