# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | CASE NO.     1:07-cv-01714-AWI-GBC (PC) |
|         Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
|    v. | |
| VELLA, et al., | |
|         Defendants. | Doc. 32 |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

## Findings and Recommendations

### I. Procedural History

On June 15, 2007, Plaintiff Emelito Exmundo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. Doc. 1. On November 21, 2007, Defendants removed this action to Federal Court. *Id.* On January 14, 2011, Plaintiff filed a second amended complaint. Doc. 26. On May 2, 2011, this Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his a cognizable claims against Defendant Vogel ("Defendant") for First Amendment retaliation and Eighth Amendment excessive force. Doc. 30. On May 12, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claims against Defendant Vogel. Doc. 29. On August 31, 2011, the Court adopted findings and recommendations and dismissed Plaintiff's remaining claims and defendants. Doc. 31. On September 21, 2011, Defendant filed a motion to dismiss. Doc. 32. On November 18, 2011, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 35.

## II. <u>Legal Standard for Exhaustion Of Administrative Remedies</u>

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1  1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See  Ngo v.*

2  *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed

3  more than fifteen working days after deadline).

4        Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the

5  defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).

6  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion

7  to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings

8  and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the

9  prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without

10  prejudice. *Id.*

11                    **III. Analysis**

12        **A. Plaintiff Concedes Failure to Exhaust but Alleges Exhaustion was Futile**

13        Plaintiff concedes that he did not exhaust his administrative remedies against Defendant

14  Vogel through the third level of CDCR's administrative process before he filed this action on June

15  15, 2007. 2d Am. Compl., at 2, Doc. 26. Plaintiff alleges claims against Defendant Vogel from April

16  and May 2006. 2d Am. Compl. at 6, Doc. 26. From February 8, 2006 to November 21, 2007,

17  Plaintiff filed nineteen inmate appeals that the Institutional Appeals Office accepted for review. Def.

18  Mot. Dismiss, Campbell Decl. at 2, Doc. 32. From April 12, 2004 to June 18, 2007, Plaintiff filed

19  fifteen inmate appeals that the Chief of the Appeals Office accepted for third-level review. Def. Mot.

20  Dismiss, Foston Decl. at 2, Doc. 32.

21        Plaintiff admits that he did not complete the administrative process for his claims against

22  Defendant Vogel. 2d Am. Compl., at 2, Doc. 26. Plaintiff states the "Appeals Coordinator refused

23  to process the grievance and defendants failed to respond and return the staff misconduct complaint."

24  *Id.* However, the Appeals Coordinator is authorized and obligated to reject any appeal that is not

25  submitted in compliance with prison regulations concerning the appeals process. *See* Cal. Code

26  Regs. tit. 15, § 3084.3 (setting forth criteria for rejecting appeals). Moreover, Plaintiff does not allege

27  any facts to show that the Appeals Coordinator improperly screened any of his appeals. *See* Pl.

28  Opp'n, Doc. 35. In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff submitted a

copy of his rejected appeal against Defendant Vogel, dated May 1, 2007, and date stamped received by the Appeals Office on June 14, 2007. *Id.* at 50. Plaintiff further submitted a First Level Screening Order from the Appeals Coordinator dated June 14, 2007, which rejected Plaintiff's appeal dated May 1, 2007, due to a time lapse. *Id.* at 44. The First Level Screening Order from the Appeals Coordinator stated the Plaintiff's issue was screened out on March 24, 2006 and April 11, 2006 for failing to meet time constraints. *Id.* The Appeals Coordinator stated that if Plaintiff would like to pursue the matter further, he must submit an explanation and supporting documentation explaining why he did not or could not timely file his appeal. *Id.* The Appeals Coordinator notified Plaintiff that his appeal is rejected, and he is formally warned that continued abuse of the appeals system will result in a recommendation to the Inmate Appeals Branch ("IAB") for an appeals restriction. *Id.*

## B. **Plaintiff Alleges Improper Screening by the Appeals Coordinator**

Plaintiff contends that the March 24, 2006 and April 11, 2006 dates listed by the Appeals Coordinator do not coincide with his excessive force claim against Defendant Vogel from May 6, 2006. Pl. Opp'n at 9, Doc. 35. In Plaintiff's second amended complaint, Plaintiff states that the genesis of his complaint began on November 16, 2005, when he filed a staff complaint against Correctional Officer Castro. 2d Am. Compl. at 4, Doc. 26. Plaintiff further alleged that on April 17, 2006, he filed a staff complaint against Defendant Vogel. *Id.* at 6. Therefore, Plaintiff's allegations against Defendant Vogel arose prior to May 6, 2006. *Id.* Moreover, Plaintiff's May 1, 2007 staff complaint also included allegations regarding Castro, RVRs dated April 18, 2006 and May 10, 2006, and lack of due process at an RVR hearing. Pl. Opp'n at 50-52, Doc. 35. In addition, Plaintiff attached an interdisciplinary report dated January 26, 2005. *Id.* at 52. Thus, the March 24, 2006 and April 11, 2006 dates listed by Appeals Coordinator could have been referring to staff complaints addressing any one of Plaintiff's allegations. *Id.* at 44. Regardless, Plaintiff submitted a staff complaint dated May 1, 2007, for incidents from April 2006 and May 2006, well past the fifteen day deadline. *See* Cal. Code Regs. tit. 15, § 3084.6(c) (2007).

Plaintiff contends that the delay was caused by prison staff. Pl. Opp'n at 5-6, Doc. 35. However, Plaintiff does not state that he pursued his appeal by submitting an explanation and supporting documentation, explaining why he did not or could not timely file his appeal, as

1   instructed by the Appeals Coordinator. *Id.* at 44. "Proper exhaustion demands compliance with an

2   agency's deadlines and other critical procedural rules because no adjudicative system can function

3   effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S.

4   at 90-91. Plaintiff contends that the warning of an appeals restriction by the Appeals Coordinator

5   caused Plaintiff not to file or re-submit a staff complaint against Defendant Vogel. Pl. Opp'n at 8,

6   Doc. 35. However, Plaintiff states that he subsequently sent a copy of the First Level Screening

7   Order to the Internal Affairs in Sacramento, stating that the Appeals Coordinator had threatened him

8   not to file any more appeals. *Id.* at 9.

9            Plaintiff argues that Campbell's declaration is unreliable because he was not the Appeals

10  Coordinator at the time of Plaintiff's allegations. *Id.* at 3. However, as the present Appeals

11  Coordinator, Campbell is responsible for maintaining inmate appeal records. *See* Def. Mot. Dismiss,

12  Campbell Decl. at 1, Doc. 32. Therefore, Campbell has the capacity and knowledge to review the

13  records of Plaintiff's appeals at California State Prison-Corcoran.

14           Plaintiff contends that Defendant's declaration is unreliable, as it did not include a response

15  from the IAB dated March 1, 2007, which Plaintiff attached as an exhibit. Pl. Opp'n at 10 & 69, Doc.

16  35. The Court notes that the correspondence from the IAB dated March 1, 2007 states that Plaintiff's

17  various documents are being returned because they must be completed through second level. *Id.* at

18  69. Defendant's declarations by Foston and Campbell of Plaintiff's institutional and third level

19  appeals did not purport to be an all-inclusive list of all correspondence from the IAB to Plaintiff. *See*

20  Def. Mot. Dismiss, Campbell & Foston Decl., Doc. 32. Plaintiff contends that Defendant's

21  declaration is unreliable, as it does not include the seven page print-out of all the complaints he filed

22  from 2003 through 2008, which Plaintiff attached as exhibits. Pl. Opp'n at 4, 11 & Ex. A1-A4 & B1-

23  B3 at 21-27, Doc. 35. To reiterate, Defendant's declarations did not purport to be an all-inclusive

24  list of Plaintiff's complaints while incarcerated. *See* Def. Mot. Dismiss, Campbell & Foston Decl.,

25  Doc. 32. Defendant's declaration by Campbell shows that in 2006 and 2007, Plaintiff submitted

26  nineteen appeals, which the Institutional Appeals Office accepted for review. *Id.* Campbell Decl. at

27  2. Defendant's declaration by Foston shows that from 2004 through 2007, Plaintiff submitted fifteen

28  appeals, which the Chief of the Office of Appeals accepted for third-level review. *Id.* Foston Decl.

at 2.

Plaintiff contends that the Appeals Coordinator improperly screened his appeal. Pl. Opp'n at 13, Doc. 35. However, Plaintiff has not demonstrated that the Appeals Coordinator improperly rejected his appeal as untimely. Plaintiff submitted a staff complaint dated May 1, 2007, for incidents from April 2006 and May 2006, well past the fifteen day deadline. *See* Cal. Code Regs. tit. 15, § 3084.6(c) (2007). In *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009) (per curiam), the Ninth Circuit held that if the prisoner-plaintiff had the opportunity and ability to file his initial grievance timely, but failed to do so, his case should be dismissed. *See Marella*, 568 F.3d at 1028. Similarly, this Court finds that Plaintiff had the opportunity and ability to file his initial grievance timely but failed to do so. In contrast to *Marella*, Plaintiff did not allege that he was incapacitated and lacked the opportunity to file a grievance. In addition, Plaintiff submitted nineteen appeals to the institutional level and fifteen appeals to the third level, which demonstrates he has the more than the ability to pursue a grievance in the prison system. Therefore, "[t]he absence of a proper administrative process for a prisoner to appeal from an initial rejection of an appeal does not abrogate the requirement that he comply with a prison's procedural requirements. If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies. *See Ngo*, 548 U.S. at 88." *Marella*, 568 F.3d at 1028.

## C. Plaintiff Alleges Exhaustion of "Available Remedies"

Plaintiff argues that he has exhausted his "available" remedies because Defendant failed to respond to his staff complaint. Pl. Opp'n at 13, Doc. 35. However, Plaintiff is not excused from exhaustion if he fails to receive a response to his staff complaint. *See Booth*, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") *See Douglas v. Johns*, 2011 WL 2173627, at *2 (E.D. N.C. June 2, 2011) (Regional Director's failure to respond to grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies"); *Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011), adopted, 2011 WL 3022531 (S.D. Miss. July 22, 2011) (federal inmate who did not

receive response to informal resolution request, but who did not appeal to next level of review, did not exhaust); *Crum v. Attorney General*, 2007 WL 781935, at *6 (S.D. W. Va. Mar.13, 2007), aff'd, 282 Fed. App'x 223 (4th Cir. 2008) ("The Regional Office's failure to provide a response to his administrative remedy appeal does not excuse an inmate from proceeding to the next step of the administrative remedy process . . ."); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (exhaustion not excused where director of corrections informed prisoner how to proceed when prisoner did not receive response from warden, but prisoner did not follow that procedure).  It is undisputed that Plaintiff did not file a new administrative challenge to the allegedly improper screen-out of his appeal. *See* Cal. Code Regs. tit. 15, § 3084.1. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (if prisoner does not receive timely response to grievance, and higher-stage appeal is available, then prisoner must file an appeal in order to exhaust claim). Plaintiff received a response from the Appeals Coordinator to his staff complaint, stating it was untimely and providing him the procedures to appeal the decision, which Plaintiff failed to do. Pl. Opp'n at 44, Doc. 35.

**D. Exhaustion is Mandatory, Not Discretionary, in Accordance with *Ngo* and § 1997e(a)**

In *Ngo*, the plaintiff filed a 602 grievance, but it was rejected as untimely because it was not filed within 15 days of the alleged misconduct. *Ngo*, 548 U.S. at 87. Plaintiff then filed a § 1983 action in federal court, arguing that exhaustion should be excused. *Id.* The district court dismissed the complaint for failure to exhaust administrative remedies. *Id.* The Ninth Circuit reversed, holding that plaintiff had exhausted his administrative remedies, because no further remedies were available to him. *Id.* The Supreme Court reversed, holding that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 83. While the Supreme Court recognized that this may be harsh, it pointed to the "informality and relative simplicity of grievance systems like California's," and noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* "Exhaustion is no longer left to the discretion of the district court, but is mandatory."

1   *Id.* at 85. Similarly, Plaintiff's reasons for not pursuing his appeal do not excuse his failure to

2   exhaust administrative remedies. Thus, Plaintiff failed to exhaust his administrative remedies against

3   Defendant Vogel prior to initiating this action, which requires mandatory dismissal, in accordance

4   with § 1997e(a) and *Ngo*.

5                               **IV. <u>Conclusion and Recommendation</u>**

6           Based on the foregoing, it is HEREBY RECOMMENDED that:

7           1.      Defendant's motion to dismiss, filed September 21, 2011, should be GRANTED in

8                   full; and

9           2.      This action be dismissed, without prejudice, for Plaintiff's failure to exhaust

10                  administrative remedies pursuant to 42 U.S.C. § 1997e(a).

11

12          These Findings and Recommendations will be submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days**

14  after being served with these Findings and Recommendations, the parties may file written objections

15  with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendations." The parties are advised that failure to file objections within the specified time

17  may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

18  Cir. 1991).

19

20  IT IS SO ORDERED.

21

22  Dated:   February 13, 2012

                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28